IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                                    No.  07-40008-01-SAC

RANDY LEE MITCHELL,

          Defendant.

MEMORANDUM AND ORDER

       The case comes before the court on the sentencing of the defendant following his guilty plea to count eight that charged him with possession with intent to distribute 177 grams of actual methamphetamine. In exchange for the defendant's plea to one count of the eleven-count drug trafficking indictment, the government agreed to recommend a full adjustment for acceptance of responsibility and a sentence at the low end of the applicable sentencing guideline range.  The presentence report calculates a guideline range of 151 to 188 months from a total offense level of 33 (base offense level of 34, plus a two-level dangerous weapon enhancement, and less a three-level acceptance of responsibility adjustment) and a criminal history category of two.  The addendum to the PSR shows the defendant's objection to the dangerous weapon

enhancement remains unresolved.  The court enters the following as its ruling on the unresolved objection with the reservation that the ruling will be revisited in the event of additional argument or new evidence offered at the sentencing hearing.

The defendant objects to paragraph thirty-six which recommends the dangerous weapon enhancement for the gun seized from the defendant's home on April 26, 2006, during the execution of a search warrant.  The PSR states that "[t]he defendant had sold an eighth-ounce of methamphetamine to a CI [confidential informant] from the home just prior to the execution of the warrant."  The defendant counters that this drug transaction occurred in the garage area which is some distance from where the gun was found.  The defendant denies that the gun was involved in the drug sales or used for protection during the sales.  Officers found only a small quantity of drugs on the defendant's person during the execution of the warrant.  The government's position is that a firearm enhancement is warranted on the facts.

Paragraph eighteen of the PSR relates that the CI on April 26th described the transaction as having occurred in a room which was an "office" area of the defendant's house.  The CI also told officers that during

the buy he observed another six to eight bags of methamphetamine similar in size to the one he purchased and located in the same area.  Paragraph nineteen of the PSR discloses that based on the CI's report of additional methamphetamine at the defendant's residence, a search warrant was secured and executed immediately on April 26, 2006.  Officers found a small vial of methamphetamine on the defendant's person, a 9mm semi-automatic pistol in a laundry basket in the defendant's bedroom, and baggies and notes that appeared to be "owe sheets" in the home.  The defendant has lodged no objections to paragraphs eighteen and nineteen.

Section 2D1.1(b)(1) provides: "If a dangerous weapon was possessed (including a firearm), increase by 2 levels."  The application notes explain that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1, comment. (n. 3).  The government bears the initial burden of proving possession by a preponderance of the evidence.  *United States v. Williams*, 431 F.3d 1234, 1237 (10th Cir. 2005), *cert. denied*, 547 U.S. 109 (2006). The government satisfies this burden by proving "a temporal and spatial relationship between the weapon, the drug trafficking activity, and the defendant."  *Id.* (quotation and citation omitted).

It is enough to show that the weapon was found "where drugs or drug paraphernalia is stored." *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007). "Once the government establishes that the gun was possessed in proximity to the drugs or transaction, the burden shifts to the defendant to show it is clearly improbable that the weapon was related to the offense." *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998) (quotation and citation omitted), *cert. denied*, 525 U.S. 1092 (1999).

This nexus determination entails looking at where the gun was found, where the drugs were stored, and how the residence was used in the drug offense. *See, e.g.*, *United States v. Dickerson*, 195 F.3d 1183, 1188 (10th Cir. 1999); *United States v. Contreras*, 59 F.3d 1038, 1039-40 (10th Cir. 1995). The PSR does not describe the layout of the defendant's residence or the accessibility of the handgun from the office area, and it does not estimate the approximate distance between the office area and the defendant's bedroom. Even so, the court believes the undisputed facts appearing in the PSR are sufficient to establish possession for purposes of § 2D1.1(b)(1). Having information that the defendant was distributing methamphetamine from his home, officers used a CI to complete a purchase from the defendant at his home. That the transaction occurred in

the "garage" area as argued by the defendant is of limited significance because there is no dispute that the defendant was using this area as an "office" and that the same area was considered part of his "home." Thus, the gun was found in the defendant's home, and the transaction also occurred inside the home. In the execution of the warrant, officers found methamphetamine on the defendant's person. The location of the gun, a laundry basket in the defendant's bedroom, indicates the gun was concealed and readily accessible to the defendant. Inside the home, officers also found other evidence of drug trafficking including baggies and "owe sheets." The evidence shows the defendant was using his home from which to traffic methamphetamine. This was again confirmed by a search of the defendant's home seven months later which revealed a hidden room in which the defendant was storing methamphetamine, cash, and drug paraphernalia.

        The court finds that the undisputed facts of the PSR satisfy the government's burden of showing the gun was possessed in proximity to the general location of the drugs, paraphernalia and the transaction. The burden now shifts to the defendant to show it is clearly improbable that the weapon was related to the offense.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled.

Dated this 10th day of January, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge